1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  ESTER BURNETT,                          No.  2:15-cv-0575 CKD P

12              Plaintiff,

13       v.                                 ORDER

14  R. RODRIGUEZ, et al.,

15              Defendants.

16

17       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

18  § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This

19  proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

20       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21  §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22       Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

23  1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

24  initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

25  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

26  month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

27  the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

28  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1  I. <u>Screening Standard</u>

2        The court is required to screen complaints brought by prisoners seeking relief against a

3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

9  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  <u>Neitzke</u>,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  <u>See</u> <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th

13  Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

14        In order to avoid dismissal for failure to state a claim a complaint must contain more than

15  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

16  of action."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555-557 (2007).  In other words,

17  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

18  statements do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

19  upon which the court can grant relief has facial plausibility.  <u>Twombly</u>, 550 U.S. at 570.  "A

20  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

21  the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Iqbal</u>, 129 S. Ct.

22  at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

23  the court must accept the allegations as true, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007),

24  and construe the complaint in the light most favorable to the plaintiff, <u>see</u> <u>Scheuer v. Rhodes</u>, 416

25  U.S. 232, 236 (1974).

26  II. <u>Allegations</u>

27        Plaintiff alleges that he had a medical accommodation chrono for an extra mattress, a copy

28  of which he provides.  (ECF No. 1 at 11.)  Neither plaintiff nor the chrono specifies plaintiff's

1  medical condition; however, the chrono indicates that the mattress accommodation was to be

2  "permanent." (Id.)

3       In June 2012, plaintiff was placed in administrative segregation after being convicted in

4  prison disciplinary proceedings of threatening a peace officer (Id. at 18.)  When he asked

5  defendant correctional guards for an extra mattress, they told him, "We don't give out extra

6  mattresses in ASU." (Id. at 4.)  Plaintiff was deprived of an extra mattress for two months, until

7  his release from administrative segregation in August 2012.  After filing an administrative appeal

8  on this issue, plaintiff was provided an extra mattress on or about August 19, 2012. (Id. at 10.)

9  III.  Medical Indifference

10       Denial or delay of medical care for a prisoner's serious medical needs may constitute a

11  violation of the prisoner's Eighth and Fourteenth Amendment rights.  Estelle v. Gamble, 429 U.S.

12  97, 104-05 (1976).  An individual is liable for such a violation only when the individual is

13  deliberately indifferent to a prisoner's serious medical needs.  Id.; see Jett v. Penner, 439 F.3d

14  1091, 1096 (9th Cir. 2006); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Lopez v.

15  Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000).

16       In the Ninth Circuit, the test for deliberate indifference consists of two parts.  Jett, 439

17  F.3d at 1096, citing McGuckin v. Smith, 974 F.2d 1050 (9th Cir. 1991), overruled on other

18  grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).  First, the

19  plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's

20  condition could result in further significant injury or the 'unnecessary and wanton infliction of

21  pain.'"  Id., citing Estelle, 429 U.S. at 104.  "Examples of serious medical needs include '[t]he

22  existence of an injury that a reasonable doctor or patient would find important and worthy of

23  comment or treatment; the presence of a medical condition that significantly affects an

24  individual's daily activities; or the existence of chronic and substantial pain.'"  Lopez, 203 F. 3d

25  at 1131-1132, citing McGuckin, 974 F.2d at 1059-60.

26       Second, the plaintiff must show the defendant's response to the need was deliberately

27  indifferent.  Jett, 439 F.3d at 1096.  This second prong is satisfied by showing (a) a purposeful act

28  or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

1  indifference.  Id.  Under this standard, the prison official must not only "be aware of facts from

2  which the inference could be drawn that a substantial risk of serious harm exists," but that person

3  "must also draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).  This "subjective

4  approach" focuses only "on what a defendant's mental attitude actually was."  Id. at 839.  A

5  showing of merely negligent medical care is not enough to establish a constitutional violation.

6  Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-106.

7         Here, plaintiff fails to allege that defendants drew the inference that he was at a substantial

8  risk of harm from lack of an extra mattress, or that he was actually harmed as a result.  Thus he

9  fails to state a claim against any defendant under this standard.

10  IV.  Leave To Amend

11        The complaint will be dismissed for failure to state a claim.  However, plaintiff will be

12  granted one opportunity to file an amended complaint.

13        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

14  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

15  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

16  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

17  is some affirmative link or connection between a defendant's actions and the claimed deprivation.

18  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

19  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

20  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

21  Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

23  make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

24  complaint be complete in itself without reference to any prior pleading.  This is because, as a

25  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

26  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

27  longer serves any function in the case.  Therefore, in an amended complaint, as in an original

28  complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation, filed concurrently herewith.

3.  Plaintiff's complaint is dismissed for failure to state a claim.

4.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  April 22, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / burn0575.14.new

5