UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT, | No. 2:15-cv-0575 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. RODRIGUEZ, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. On April 22, 2015, the undersigned granted plaintiff's request to proceed in forma pauperis. (ECF No. 4.) On July 9, 2015, the undersigned ordered that the First Amended Complaint be served on defendants Rodriguez, Callison, Swart, Tangren, and Guzman. (ECF No. 12.)

Before the court is defendants' September 15, 2015 motion to revoke plaintiff's in forma pauperis status on the ground that plaintiff is a "three strikes" inmate under 28 U.S.C. § 1915(g). (ECF No. 17.) The motion is fully briefed.[1] (ECF Nos. 22 & 23.) For the reasons set forth below, the court will deny defendants' motion.

---

[1] The court will disregard plaintiff's unauthorized sur-reply, which is not contemplated by the Local Rules. See L.R. 230(l).

1

I. <u>Motion to Revoke IFP Status</u>

28 U.S.C. § 1915 permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In forma pauperis status may be acquired and lost during the course of litigation. <u>Stehouwer v. Hennessey</u>, 841 F. Supp. 316, 321 (N.D. Cal., 1994), <u>vacated on other grounds by</u> <u>Olivares v. Marshall</u>, 59 F.3d 109 (9th Cir. 1995). The plain language of the statute (§ 1915(g)) makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has brought three frivolous actions and/or appeals (or any combination thereof totaling three). See <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir.1999). 28 U.S.C. §1915(g) should be used to deny a prisoner's in forma pauperis status only upon a determination that each action reviewed (as a potential strike) is carefully evaluated to determine that it was dismissed as frivolous, malicious or for failure to state a claim. <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005). Defendant has the burden to "produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions . . . dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" <u>Id.</u>, at 1120, quoting § 1915(g). Once defendants meet their initial burden, it is plaintiff's burden to explain why a prior dismissal should not count as a strike. <u>Id.</u> If the plaintiff fails to meet that burden, plaintiff's IFP status should be revoked under § 1915(g). <u>Id.</u>

In <u>Silva v. Di Vittorio</u>, 658 F.3d 1090, 1098-99 (9th Cir. 2011), the Ninth Circuit found that "a dismissal must be final before it counts as a 'strike' for § 1915(g) purposes." Thus, "a district court's dismissal of a case does not count as a 'strike' under § 1915(g) until the litigant

2

has exhausted or waived his opportunity to appeal. This means a dismissal ripens into a 'strike' for § 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not." Id. at 1100 (internal quotation omitted). "If a prisoner does not appeal a dismissal, the dismissal counts as a 'strike' from the date when his time to file a direct appeal expired." Id., n.6.

II. Discussion

Defendants contend that plaintiff's litigation history shows that he has at least three prior strikes. Per defendants' request, the undersigned takes judicial notice of the following cases[2]:

A. Burnett v. St. Clair, et al., No. 1:10-cv-00822 SKO (E.D. Cal.). On July 13, 2011, the district court dismissed this § 1983 action for failure to state a claim upon which relief may be granted. The court stated in its order: "This dismissal SHALL count as a strike under 28 U.S.C. § 1915(g)." (ECF No. 18 at 5-6 (Defs.' Request for Judicial Notice, Ex. A).)

Plaintiff argues that this order was "an oversight" as the case was dismissed for failure to amend, which is not a strike. (ECF No. 22.) To be sure, in May 2011, plaintiff was granted leave to amend his original complaint (see ECF No. 18 at 8), and the July 2011 order of dismissal stated that he had failed to do so. "As a result," the court continued, "there is no pleading on file which sets forth a claim upon which relief may be granted." (ECF No. 18 at 5.)

Based on this record and the district court's statement that the dismissal was a § 1915(g) strike, the court finds plaintiff's argument without merit. Thus this case counts as a strike.

B. Burnett v. Dugan, et al., No. 3:08-cv-01324 L (WVG) (S.D. Cal.). Plaintiff commenced this action on July 22, 2008. (ECF No. 18 at 13 (Defs.' RJN, Ex. B).) His original complaint was screened out with leave to amend. (Id.) He filed a First Amended Complaint, and the court granted in part defendants' motion to dismiss, again granting plaintiff leave to amend. (Id.)

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

After plaintiff filed a Second Amended Complaint, defendants filed a "motion to dismiss the SAC for failure to exhaust administrative remedies and a second motion for failure to state a claim under the Eighth Amendment." (Id.) "Rather than respond to Defendants' motions to dismiss, Plaintiff filed a motion to file a supplemental complaint." (Id.) On September 30, 2010, the district court granted "defendants' motion to dismiss the SAC for failure to exhaust and motion to dismiss for failure to state a claim" with prejudice as to some defendants, and without prejudice as to others. (Id. at 32.)

On March 21, 2011, the district court considered whether to allow plaintiff to file a supplemental complaint. (Id. at 31-41.) As Rule 15(d) supplementation did not apply, the court construed plaintiff's motion as "one for leave to file a third amended complaint to add allegations and . . . newly named defendants." (Id. at 34-35.) The court noted that "[a] proposed amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim. [Citation.] Futility of amendment can, by itself, justify the denial of a motion for leave to amend. [Citation.]"[3] (Id. at 35.) After examining plaintiff's proposed claims de novo, the district court concluded that he "cannot allege any set of facts . . . that would give rise to a valid federal claim. Further amendment of the complaint would be futile." (Id. at 40.) Accordingly, the district court denied plaintiff leave to file his proposed Third Amended Complaint, effectively closing the case. (Id. at 41, 46-47.)

Based on this record, this action was dismissed for failure to state a claim after two rounds of amendment, and plaintiff does not dispute that it constitutes a strike. Thus it constitutes plaintiff's second strike.

C. Burnett v. Schwarzenegger, et al., No. 3:08-cv-1403 H (AJB) (S.D. Cal.). On September 26, 2008, the district court dismissed plaintiff's § 1983 complaint, finding that (1) plaintiff's allegations of overcrowding were insufficient to state an Eighth Amendment claim and (2) his medical care claims lacked proper venue and should be raised in a separate action. (ECF

---

[3] No one disputed the magistrate's finding that the claims in the proposed Third Amended Complaint were exhausted. (Id. at 35; see id. at 16-18.)

4

No. 18 at 64-71 (Defs.' RJN, Ex. C).) The district court dismissed the claims without prejudice and granted plaintiff leave to amend. (Id.) After plaintiff failed to timely amend, the case was closed, and plaintiff's subsequent motion to voluntarily dismiss the case was denied. (Id. at 72-76.)

As plaintiff's complaint was partially dismissed for lack of venue, the undersigned does not count this case as a strike. See Andrews, F.3d at 1121 (action qualifies as a strike only when, after careful evaluation, the district court determines that the action was dismissed because it was frivolous, malicious, or failed to state a claim).

D. Burnett v. Englehorn, et al., No. 3:97-cv-00403 BTM (AJB) (S.D. Cal.). On December 9, 1997, the district court granted defendants' motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 18 at 79-84 (Defs.' RJN, Ex. D).) The complaint named 42 defendants but did "not make specific allegations as to specific defendants." (Id. at 79.) The court granted leave to file an amended complaint that complied with the Rule 8 pleading requirements; otherwise, the amended complaint would be dismissed with prejudice. (Id. at 85.)

On January 30, 1998, plaintiff filed a First Amended Complaint "containing over 200 pages of allegations and numerous exhibits." (Id. at 96.) At a status conference, plaintiff was appointed counsel and granted an additional sixty days "to file a Second Amended Complaint that would comply with the Federal and Local Rules. More specifically, plaintiff's counsel was instructed to reconstruct the rambling allegations contained in plaintiff's incomprehensible First Amended Complaint and submit a revised and understandable Second Amended Complaint that would put the defendants on reasonable notice of the nature of the allegations brought against them." (Id.) In sum, plaintiff's first two complaints were dismissed because they failed to meet Rule 8 pleading requirements, among other flaws.

Months passed, and plaintiff did not file a Second Amended Complaint. (Id. at 96-97.) On October 8, 1998, the magistrate judge recommended dismissing the case "because it appeared to violate the pleading requirements set forth in the court's Order dated December 9, 1997 . . . and because plaintiff had failed to file a Second Amended Complaint within the time permitted by the

5

court." (Id. at 97.)

Plaintiff sought an extension of time to file a SAC, which defendants opposed. (Id.) On December 15, 1998, the district court denied the motion, stating that neither plaintiff nor his counsel had made "any genuine effort to comply with this court's Orders and deadlines." (Id. at 98-99.) The court noted that "[p]laintiff has already been warned by this court that failure to properly plead a Second Amended Complaint could lead to a dismissal with prejudice." (Id. at 99.) Accordingly, the district court dismissed the case with prejudice as to all parties and claims. (Id. at 100.)

In Knapp v. Horgan, 738 F.3d 1106 (9th Cir. 2013), the Ninth Circuit clarified the circumstances under which a prior dismissal may be deemed a strike under § 1915(g). Specifically, the Ninth Circuit "addressed the question of whether and when a dismissal for violation of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement could constitute a strike under § 1915(g)." Bontemps v. Sotak, No. 2:09-cv-2115 MCE EFB P, 2015 WL 812360, *3 (E.D. Cal. Feb. 25, 2015), citing Knapp, 738 F.3d 1106, adopted by 2015 WL 1469870 (Mar. 30, 2015). The Ninth Circuit concluded that a

> Rule 8(a) dismissal is neither categorically included nor excluded from counting as a § 1915(g) 'strike.' Rather, each dismissal under Rule 8(a) must be assessed independently: did the dismissal 'result from the court's appraisal of the merits of the case (i.e., was it 'frivolous' or did it 'fail to state a claim'), or did the dismissal result from an appraisal of the prisoner's state of mind (i.e., 'malicious')?

Knapp, 739 F.3d at 1109-10. Knapp further held that when a complaint violates the 'short and plain statement' requirement of Rule 8(a), plaintiff fails to correct the violation, and dismissal ensues, that dismissal counts as a strike. 738 F.3d at 1110.

Plaintiff argues that this action should not count as a strike because it was dismissed for failure to comply with court orders, and because the defects in the complaint were "remediable." (ECF No. 22 at 3.) In fact, the district court cited both plaintiff's failure to follow orders and his failure to comply with Rule 8 in its order of dismissal. While Rule 41 dismissals are typically without prejudice, the district court dismissed the case with prejudice in light of plaintiff's repeated failure to "properly plead" a complaint.

6

In a pro se prisoner case, this action would likely qualify as a strike. See Knapp, 738 F.3d at 1110 ("[A]fter an incomprehensible complaint is dismissed under Rule 8 and the plaintiff is given, but fails, to take advantage of the leave to amend, . . . [this] gives rise to an inference that the plaintiff could not state a claim."), citing Paul v. Marberry, 658 F.3d 702, 705 (7th Cir. 2011). Here however, plaintiff had appointed counsel, who was largely responsible for plaintiff's failure to file a SAC that comported with Rule 8. (See ECF No. 18 at 98-99.) Under the circumstances, the undersigned declines to count this action as plaintiff's third strike.

Based on the foregoing, the undersigned will deny the motion to revoke plaintiff's IFP status.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to revoke plaintiff's IFP status (ECF No. 17) is denied; and

2. Defendants' motion to strike unauthorized sur-reply (ECF No. 25) is granted.

Dated: December 7, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / burn0575.threestrikes.doc