UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTER BURNETT, | No. 2:15-cv-0575 KJM CKD P |
| Plaintiff, | |
| v. | ORDER |
| R. RODRIGUEZ, et al., | |
| Defendants. | |

On December 21, 2015, defendants filed a request for reconsideration of the magistrate judge's order filed December 7, 2015, denying defendants' motion for an order revoking plaintiff's in forma pauperis status. Under E.D. Local Rule 303(f), a magistrate judge's orders shall be upheld unless "clearly erroneous or contrary to law." *Id*.

The court writes separately to address the application of *Knapp v. Horgan*, 738 F.3d 1106 (9th Cir. 2013) to the matter before the court. As discussed in the magistrate judge's order, *Knapp* clarified that a dismissal under Federal Rule of Civil Procedure 8(a) may, in an appropriate circumstance, constitute a dismissal under 28 U.S.C. § 1915(g). As the magistrate judge correctly noted, the *Knapp* court held that "each dismissal under Rule 8(a) must be assessed independently" in determining whether it constitutes a strike under 28 U.S.C. § 1915(g). ECF No. 26 at 6 (quoting *Knapp*, 738 F.3d at 1109). Essentially, the reviewing court is required to determine whether a Rule 8(a) dismissal is based on "appraisal of the merits of the case . . . or the

1

prisoner's state of mind." *Knapp*, 738 F.3d 1109-10. Only a Rule 8(a) dismissal grounded in one or more of the §1915(g) categories (frivolous, failure to state a claim, or malicious) qualifies as a strike. *See id*.

The court has reviewed the dismissal order in *Burnett v. Englehorn, et al.*, No. 3:97-cv-00403 BTM (AJB) (S.D. Cal.), and the orders that preceded that dismissal. Ex. D to Defs.' Req. for Judicial Notice, ECF No. 18 at 77-100. In *Englehorn*, plaintiff's original pro se complaint was dismissed principally because, while the court described five categories of allegations it characterized as "serious," plaintiff had failed to "make specific allegations as to specific defendants." ECF No. 18 at 79. The court also found that plaintiff had failed to make specific allegations necessary to state certain constitutional claims. *Id*. at 82-84. The original complaint was dismissed with leave to amend. *Id.* at 85. Plaintiff filed a first amended complaint. ECF No. 18 at 112. Numerous defendants were served with process. *Id.* at 109-10. Subsequently, the court held a status conference at which counsel was substituted in to represent plaintiff. *Id.* at 109. The minutes from the status conference reflect that a second amended complaint was to be filed within approximately sixty days and defendants' response thereto was due 45 days after the filing date. *Id*. Plaintiff, through counsel, failed to timely file a second amended complaint and the court issued an order to show cause why the action should not be dismissed because plaintiff's first amended complaint "appeared to violate the pleading requirements set forth in" the court's order dismissing the original complaint "and sections 1915(e)(2) and 1915(a) because plaintiff had failed to file a Second Amended Complaint within the time permitted by the court." *Id*. at 97.

In response to the OSC, plaintiff, through his attorney, filed a motion for extension of time to file a second amended complaint. *Id*. The court denied the motion for extension of time and dismissed the case with prejudice. *Id*. at 95-100. The dismissal was predicated on the court's "inherent discretionary power to dismiss a case for failure to comply with court orders and deadlines" under Federal Rule of Civil Procedure 41(b), and the court's determination that "it is proper to dismiss a case with prejudice when a plaintiff consistently refuses to comply with a court order to replead a lengthy complaint to conform with Rule 8(a) of the Federal Rules of Civil Procedure." *Id*. at 97. Based on counsel's representation in a reply brief that the first amended

complaint "'is precise and clear and states as best plaintiff can remember how each of the defendants violated plaintiff's rights,'" and the fact that plaintiff and his attorney had had "over five months" to redraft a second amended complaint, the court concluded that plaintiff's return to custody did not warrant granting additional time to file a second amended complaint. *Id*. at 98-99.

The record before the court contains no order in *Englehorn* screening the first amended complaint. Instead, the order dismissing the action describes the first amended complaint as "a several hundred page document that expanded, rather than reduced, the scope of the original complaint. . . . [and] named no less than 58 defendants for a variety of acts, many of which the court finds extremely difficult to understand." *Id*. at 99. The court found plaintiff had failed "to adequately explain why he has chosen now to seek leave of court to file a Second Amended Complaint five months <u>after</u> the court instructed him to submit the papers. Plaintiff's counsel's contention that he has had trouble communicating with his client who has been recently incarcerated is insufficient to excuse the continued disregard of the rules, deadlines and Orders of this court." *Id.* As noted, the action was dismissed with prejudice for failure to file a second amended complaint within the deadline set by the court and for the reasons set forth in the court's order. *Id*. at 100.

Although it is a close question, the court concludes *Englehorn* is distinguishable from *Knapp*. In *Englehorn*, the dismissal was based primarily on the failure of plaintiff's counsel to file a second amended complaint within the deadline set by the court and the court's decision not to allow additional time to amend. In *Knapp*, by contrast, the Rule 8(a) dismissals held to be strikes followed "*repeated* violation of Rule 8(a)'s 'short and plain statement' requirement, following leave to amend." *Knapp*, 738 F.3d at 1110 (emph. in original). The *Knapp* panel emphasized the repetitive nature of the Rule 8(a) violations, uncured after "numerous changes to perfect . . . pleadings," in holding that those dismissals constituted strikes under 28 U.S.C. § 1915(g). Although the court's order used the word "continued" to describe what it characterized as a "disregard of the rules, deadlines and Orders" of the court, ECF No. 18 at 99, *Englehorn* did not involve the kind of repeated Rule 8 violations present in *Knapp*. The dismissal in *Englehorn*

3

| | |
|---|---|
| 1 | was grounded principally in the court's decision not to permit additional time to amend the |
| 2 | complaint in an effort to bring it into conformance with Rule 8, and not in a conclusion that |
| 3 | plaintiff could not state a cognizable claim for relief.  *Cf. Knapp*, 738 F.3d at 1110 ("When a |
| 4 | litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the |
| 5 | Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim." (emph. in |
| 6 | original)). |
| 7 |     For the foregoing reasons, IT IS HEREBY ORDERED that, upon reconsideration, the |
| 8 | order of the magistrate judge filed December 7, 2015, is affirmed. |
| 9 | DATED:  March 22, 2016. |

_____
UNITED STATES DISTRICT JUDGE